IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILSON OCHAR, *Plaintiff*, v. EQUIFAX, ET AL., *Defendants*. | 1:25-cv-01110-MSN-IDD |

**OMNIBUS MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (ECF 30), Plaintiff's Motion for Entry of Scheduling Order (ECF 34), Defendant TransUnion's Motion for Joinder (ECF 48), Plaintiff's Motion for Jury Trial (ECF 58), Plaintiff's Motion for Class Action Certification (ECF 60), Plaintiff's Motion for Summary Judgment (ECF 75), Plaintiff's Motion to Compel Issuance of a Scheduling Order (ECF 81), Plaintiff's Motion for Commencement of Discovery (ECF 82), Plaintiff's Objections to the Magistrate Judge's Orders (ECF 84, 104), Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF 91) Defendants' Rule 56(d) Motion to Deny Plaintiff's Motion for Summary Judgment (ECF 94), Plaintiff's Motion for a Final Order on Motion for Sanctions and Summary Judgment (ECF 106), Plaintiff's Motion for Entry of Final Order and Judgment on Liability (ECF 109), and Plaintiff's Motion to Inquire Status of Proceedings and for Expedited Relief (ECF 111).

Plaintiff Wilson Ochar ("Plaintiff") commenced this action on July 7, 2025. ECF 1. Plaintiff alleged Defendants Equifax Information Services LLC ("Equifax"), Experian Information Services LLC ("Experian"), and Trans Union LLC ("Trans Union") (collectively, "Defendants") violated the Fair Credit Reporting Act, specifically 15 U.S. Code § I681s-2(1)(A) and 15 U.S. Code § I68li, by failing to investigate the accuracy of Plaintiff's credit report. ECF 1 ¶ 9. Equifax and Trans Union filed Answers to the Complaint (ECF 21, 33), and Experian filed a Motion to

Dismiss (ECF 30-32). Plaintiff filed an Amended Complaint on October 24, 2025 (ECF No. 55) to add Title VI claims and additional FCRA claims (15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681b).[1] On November 21, 2025, Defendants filed a Joint Motion to Dismiss on November 21, 2025. ECF 91.

For the following reasons, the Court **GRANTS** the Defendants' Motion to Dismiss, **DENIES** Plaintiff's Objections to the Magistrate Judge's Orders, **DENIES** as **MOOT** the remaining pending motions, and **ENJOINS** Plaintiff from filing additional pleadings and motions in this Court regarding the same subject matter of this case without first obtaining leave of Court.

## I. DEFENDANTS' MOTION TO DISMISS

The Court first addresses Defendants' Motion to Dismiss (ECF 91). Defendants' Motion to Dismiss is fully briefed and ripe for disposition, and the Court dispenses with oral argument as it would not assist the decisional process. Upon consideration of the Motion, the memoranda in support thereof and in opposition thereto,[2] and for the reasons set forth below, the Motion is **GRANTED**.

### a. LEGAL STANDARD

The Court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the motion-to-dismiss stage, a plaintiff must merely allege sufficient facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours*

---

[1] Plaintiff's filing of a First Amended Complaint (ECF 55) rendered Experian's Motion to Dismiss (ECF 30) moot.

[2] Per Local Rule 7(f)(1), other than a motion, response, and a reply, "No further briefs or written communications may be filed without first obtaining leave of Court." Plaintiff did not request leave of Court to file his December 4, 2025 Sur-reply (ECF 102). As such, the Court did not consider this brief in entering this order.

*& Co.*, 324 F.3d 761, 765 (4th Cir. 2003). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted). A plaintiff need not include "detailed factual allegations," but must include in his complaint more than bald accusations or mere speculation. *Bell Atl. Corp.*, 550 U.S. at 555.

A *pro se* complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nor does the liberal pleading standard "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Laber v. United States DOD*, No. 3:21-cv-502, 2021 WL 5893293, at *2 (E.D. Va. Dec. 13, 2021) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990)). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, while "[*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).[3]

**b. ANALYSIS**

**i. TITLE VI**

Title VI prohibits discrimination on the ground of race, color, or national origin "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Importantly, the

[3] In Opposition, Plaintiff argues that discovery is needed to properly evaluate Plaintiff's claims. ECF 99 ¶¶ 11(b), 12. This argument is without merit. A court reviewing a motion to dismiss must only "review the allegations in the complaint to determine whether they are sufficient to state a plausible claim for relief," a process for which discovery is not necessary. *Howell v. Walrath*, No. 1:20-cv-1193-MSN-JFA, 2021 WL 5881803, at *1 (E.D. Va. Dec. 10, 2021) (quoting *Jones-el v. Wright*, No. 2:16-cv-502-AWA-RJK, 2018 WL 9811697, at *3 (E.D. Va. Feb. 2, 2018)).

alleged discrimination must be intentional. *Lucas v. VHC Health*, 128 F.4th 213, 221 (4th Cir. 2025). "To survive a motion to dismiss under Title VI, a plaintiff must plead sufficient facts supporting (1) the defendant is a recipient of federal financial assistance; and (2) the defendant intentionally discriminated against plaintiff on the basis of race, color, or national origin." *Id.* (quoting *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-cv-01637-PX, 2021 WL 5326463, at *3 (D. Md. Nov. 16, 2021)).

Plaintiff's Amended Complaint fails to allege that Defendants are recipients of federal aid. Plaintiff argues "the defendants' activities are part of a program receiving federal financial assistance whose function and existence depend on the data and services provided by the Credit Bureaus" before listing various federal lending programs ECF 55 ¶ 7(a)(i)-(x). However, Plaintiff does not allege facts for the Court to ascertain how Defendants are involved in any of those programs, or how those programs show Defendants are "recipient[s] of federal financial assistance," as required to state a claim under Title VI.

The Amended Complaint also fails to allege Defendants intentionally discriminated against Plaintiff. As Plaintiff has been informed, a required element to make a prima facie case under Title VI is that Plaintiff must establish a causal nexus between the harm suffered and plaintiff's membership in a protected class. *See*, *e.g.*, Dkt. 44, *Ochar v. Ameris Bank*, Nos. 1:24-cv-0995-LMB-WBP, 1:24-cv-01258-CMH-WBP, 2024 WL 3835061, at *3 (E.D. Va. Aug. 15, 2024).

Yet, Plaintiff offers no direct evidence of discrimination. Plaintiff alleges his Title VI claim "is based on documented credit score disparities across racial lines" and "[P]laintiff's assertion that the defendants' combined FCRA violations ensure the maintenance of this disparity." ECF 55 ¶ 4; *see id.* ¶ 7(x). Plaintiff further alleges "defendants engaged in intentional discrimination in that they acted because of the adverse effects on a protected racial group." *Id.* ¶7(x). These statements do not convey anything concerning Defendants' actions toward Plaintiff and are not

evidence of any discriminatory intent by Defendants. In fact, Plaintiff's Amended Complaint pleads non-racial reasons for his lower credit score – late payments on his American Credit Acceptance account during the COVID-19 pandemic and his dispute with Lentegrity. *Id.* ¶¶ 15-16. Moreover, Plaintiff does not allege he is a member in a protected class, much less allege a causal nexus between his consumer reports and credit scores and his membership in a protected class. Accordingly, Plaintiff has not stated a claim under Title VI.

**ii. VIOLATION OF THE FAIR CREDIT REPORTING ACT**

The FCRA sets forth essentially two remedy provisions applicable to consumer suits against consumer reporting agencies such as defendants, namely (i) 15 U.S.C. § 1681n(a), which provides that a consumer reporting agency which "willfully fails to comply with any [FCRA] requirement ... with respect to any consumer is liable to that consumer" for punitive damages and actual damages; and (ii) 15 U.S.C. § 1681o(a), which provides that a consumer reporting agency which "is negligent in failing to comply with any [FCRA] requirement ... with respect to any consumer is liable to that consumer" for the consumer's actual damages. Plaintiff's amended complaint purports to allege violations by Defendants of four FCRA provisions, namely 15 U.S.C. § 1681s-2(a)(J)(A) (Count II); 15 U.S.C. § 1681i (Count III); 15 U.S.C. § 1681e(b) (Count IV); and 15 U.S.C. § 1681b (Count V). Each of Plaintiff's claims are deficient.

First, Plaintiff alleges Defendants violated 15 U.S.C. § 1681s-2(a)(J)(A). Section § 1681s-2(a) does not create a private right of action. *Johnson v. Transunion LLC*, No. 3:24-cv-409-RCY, 2025 WL 837314, at *3 (E.D. Va. Mar. 17, 2025); *White v. Trans Union LLC*, No. 1:24-CV-324-RDA-LRV, 2025 WL 409660, at *5 (E.D. Va. Feb. 5, 2025). Thus, this provision cannot support Plaintiff's FCRA claim.

Next, Plaintiff alleges that Defendants violated § 1681i, which requires consumer reporting agencies to conduct reinvestigations of allegedly inaccurate information contained in credit reports

in certain circumstances, by "fail[ing] to perform reasonable reinvestigation procedures or contact the furnisher when the plaintiff lodged formal disputes." ECF 55 ¶ 20(c). Plaintiff's claim in this regard fails because a consumer who brings a § 1681i failure to reinvestigate claim must first show that his "credit file contains inaccurate or incomplete information." *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (quoting *Thomas v. Trans Union, LLC,* 197 F. Supp. 2d 1233, 1236 (D. Or. 2002)). Plaintiff's conclusory allegations that he disputed the accuracy of his Lentegrity LLC account and the reporting of his late payments do not allow the Court to make a plausible inference that his credit reports contained any particular inaccurate information. Accordingly, Plaintiff fails to state a claim under FCRA § 1681i.

Next, Plaintiff claims Defendants violated § 1681e(b), which requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Plaintiff must show (i) that a particular "consumer report contains inaccurate information" and (ii) that "the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). Plaintiff's allegations regarding any supposedly inaccurate information fails for the reasons stated above. His allegations regarding Defendants' lack of "reasonable procedures" are essentially as follows:

> The defendants issued contradictory credit factor explanations and misleading score components, inconsistent with factual data, violating duties of maximum possible accuracy under § 1681e(b).

ECF 55 ¶ 20(d). Plaintiff's allegations fall short of giving rise to a plausible inference that he has a valid claim that Defendants did not follow reasonable procedures to avoid any possible inaccuracies.

Finally, § 1681b provides that consumer reporting agencies may not furnish a consumer's credit report to third parties except in the circumstances listed in § 1681b. To state a viable claim under § 1681b, Plaintiff must show that: (1) Defendants are "CRAs under the FCRA"; (2) Defendants furnished a copy of his consumer report; (3) Defendants did so without a permissible statutory purpose; and (4) Defendants acted either negligently or willfully. *See Wyche v. Kuchinsky*, No. 3:16-cv-114-MHL, 2017 WL 2222376, at *3 (E.D. Va. May 19, 2017). In this respect, Plaintiff claims that each Defendant "permitted and profited from unauthorized third-party pulls of the plaintiff's credit data without lawful and verifiable purpose." ECF 55 ¶ 20(e). Yet, Plaintiff does not set forth any factual allegations giving rise to a plausible claim that defendants provided a copy of Plaintiff's credit report to any third party, did so without a permissible statutory purpose, or that Defendants violated § 1681b negligently, much less willfully. Again, such a broadly vague allegation, without more, does not "'give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

For the foregoing reasons, the Court must **DISMISS** Plaintiff's Amended Complaint. Because the Court will **GRANT** the Motion to Dismiss, the remaining motions (ECF 34, 60, 75, 94, 106, 109, and 111) will be **DENIED** as **MOOT**.

## II. OBJECTIONS TO MAGISTRATE JUDGE ORDERS

Also before the Court are objections filed by Plaintiff to certain rulings by the Magistrate Judge.[4] First, on November 10, 2025, Plaintiff objected to Magistrate Judge Davis's denial of his Motion for Reconsideration of Order Denying Conditional Motion for Entry of Consent

[4] On October 17, 2025, Trans Union filed a Motion for Joinder in Equifax's Response to Plaintiff's Motion for Rehearing. ECF 48. The Magistrate Judge denied Plaintiff's Motion for Rehearing on November 3, 2025. ECF 72. Magistrate Judge Davis's ruling on Plaintiff's motion obviates the need to rule on Trans Union's proposed joinder, and therefore the Court finds the Motion for Joinder to be moot.

Judgment (ECF 42). ECF 84. On December 12, 2025, Plaintiff objected to Magistrate Judge Davis's denial as premature of his Motion to Compel Discovery (ECF 78) and Motion for Sanctions (ECF 79). ECF 104.

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A). Only if a Magistrate Judge's decision is "clearly erroneous or contrary to law" may a District Judge modify or set aside any portion of the decision. *Id.* A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Bruce v. Hartford*, 21 F. Supp. 3d 590, 593-94 (E.D. Va. 2014). Upon independent review of the record, the Court finds no error with Magistrate Judge Davis's rulings. As Magistrate Juge Davis informed Plaintiff, discovery motions cannot be filed, and discovery orders cannot be issued, prior to the start of discovery. ECF 84, 104. Discovery had not begun at the time of Magistrate Judge Davis's orders, and in fact, still has not begun. Therefore, Plaintiff's objections to the Magistrate Judge's orders are without merit. Accordingly, Plaintiff's Objections (ECF 84, 104) are **DENIED,** and the Orders (ECF 74, 103) are **AFFIRMED**.

## III. PRE-FILING INJUNCTION

A federal court is authorized to issue pre-filing injunctions pursuant to 28 U.S. C. § 1651. *See Cromer v. Kraft Foods N. Am.,* 390 F.3d 812, 817 (4th Cir. 2004). A pre-filing injunction is a drastic remedy and should "be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts." *Id.* (citing U.S. Const. amend. XIV, § l). Enjoining *pro se* litigants "should be approached with particular caution and should remain very much the

exception to the general rule of free access to the courts." *Id.* at 818 (cleaned up). Before imposing a pre-filing injunction, the Court must weigh the relevant circumstances, including:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.*

Each of the *Cromer* factors weighs in favor of issuing a pre-filing injunction with respect to Plaintiff in connection with this matter. As to the first factor, Plaintiff has filed many meritless and premature motions in the United States District Court for the Eastern District of Virginia. Since May 2024, Plaintiff has filed 18 cases, almost all of which have been dismissed on the merits, and at least three of which resulted in the Court issuing pre-filing injunctions against Plaintiff. *See, e.g.*, *Ameris Bank*, 2024 WL 5165835, at *3; *Ochar v. Apple Fed. Credit Union*, No. 1:24-CV-0757-LMB-WBP, 2024 WL 5165722, at *3 (E.D. Va. Oct. 30, 2024); *Ochar v. Truist Bank*, No. 1:26-CV-193-LMB-LRV, 2026 WL 1878308, at *5 (E.D. Va. June 4, 2026).

As to the second factor, there is sufficient evidence in this record to support a finding that Plaintiff has not acted in good faith while pursuing this litigation. The Magistrate Judge informed Plaintiff on October 2, 2025 (ECF 27), November 3, 2025 (ECF 72), November 7, 2025 (ECF 74), and December 11, 2025 (ECF 103), discovery begins when the District Judge issues a Scheduling Order and currently there is no Scheduling Order in this case. Yet Plaintiff continued to file premature discovery-related motions. Thus, this Court finds Plaintiff is not acting in good faith when he continues to file motions addressing the same issues that the Magistrate Judge has already ruled on.

As to the third factor, Plaintiff's multiple premature and frivolous motions, all while the Motion to Dismiss was pending, have burdened the Court and Defendants. To have required the

Court and Defendants to continue addressing such motions is a waste of resources for all involved. A prefiling injunction is appropriate to prevent the Court and Defendants from further burden.

Lastly, there is no indication that Plaintiff will cease bringing meritless cases. The Court's prior pre-filing injunctions in other cases have not kept Plaintiff from continuing to file meritless motions in this case. This Court finds that alternative sanctions would likely be inadequate. *Cf. Ochar v. Lentegrity*, No. 1:24-cv-00926-PTG-WBP, 2025 WL 975001, at *2 (E.D. Va. Mar. 31, 2025) (ordering monetary sanctions against Plaintiff for filing a motion that was "frivolous and include[d] false facts").

Before imposing a pre-filing injunction, the Court must provide the litigant notice and an opportunity to be heard. *Cromer*, 390 F.3d 819. As noted, Magistrate Judge Davis did so. On December 11, 2025, Plaintiff received notice via a Memorandum Opinion and Order, that if he filed any more repetitive motions, he would face sanctions that may include a pre-filing injunction. ECF 103. In accordance with the requirements set forth in *Cromer*, Plaintiff shall be provided with a brief window of time to file any opposition to this measure.

This pre-filing injunction will be narrowly tailored to fit the circumstances of this case as *Cromer* requires. Accordingly, Plaintiff will be enjoined from initiating any new actions in the Eastern District of Virginia against Defendants Equifax, Trans Union, or Experian arising out of or relating to Plaintiff's credit score reports or any other motions in this action without first obtaining approval from the United States District Court for the Eastern District of Virginia. To obtain approval, Plaintiff must file (1) an application seeking pre-filing approval; (2) accompanied by a copy of this Memorandum Opinion and Order; and (3) a notarized affidavit or declaration certifying that the matters raised in the suit have not been raised or decided in any other lawsuit, the case is brought in good faith, and is not filed for the purpose of harassment. Plaintiff is warned

that a violation of this Court's pre-filing injunction may constitute contempt of court and subject Plaintiff to civil and criminal penalties.

***

For the reasons discussed above, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (ECF 91) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Amended Complaint (ECF 55) is **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF 30), Plaintiff's Motion for Entry of Scheduling Order (ECF 34), Defendant TransUnion's Motion for Joinder (ECF 48), Plaintiff's Motion for Class Action Certification (ECF 60), Plaintiff's Motion for Summary Judgment (ECF 75), Plaintiff's Motion to Compel Issuance of a Scheduling Order (ECF 81), Plaintiff's Motion for Commencement of Discovery (ECF 82), Defendants' Rule 56(d) Motion to Deny Plaintiff's Motion for Summary Judgment (ECF 94), Plaintiff's Motion for a Final Order on Motion for Sanctions and Summary Judgment (ECF 106), Plaintiff's Motion for Entry of Final Order and Judgment on Liability (ECF 109), and Plaintiff's Motion to Inquire Status of Proceedings and for Expedited Relief (ECF 111) are **DENIED AS MOOT**; it is further

**ORDERED** that Plaintiff's Objections to the Magistrate Judge's Order (ECF 74, 103) is **DENIED**; it is further

**ORDERED** that the Magistrate Judge's Orders (ECF 84, 104) are **AFFIRMED**; it is further

**ORDERED** that Plaintiff is **ENJOINED** from filing any further lawsuits against Defendants Experian, Equifax, and Trans Union in the United States District Court for the Eastern District of Virginia arising out of or relating to the Plaintiff's credit score report, without prior leave of Court; it is further

**ORDERED** that Plaintiff is **ENJOINED** from filing any other motions in this action without prior leave of Court; it is further

**ORDERED** that to obtain approval, Plaintiff must file (1) an application seeking pre-filing approval; (2) accompanied by a copy of this Memorandum Opinion and Order; and (3) a notarized affidavit or declaration certifying that the matters raised in the suit have not been raised or decided in any other lawsuit, the case is brought in good faith, and is not filed for the purpose of harassment; it is further

**ORDERED** that Clerk is **DIRECTED** that any new filing should not be docketed until pre-filing approval is granted by the Court; and it is further

**ORDERED** that Plaintiff be and is advised that failing to comply with the terms of this Order may be sufficient grounds to deny any application for leave to file.

It is **SO ORDERED**.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to Plaintiff, *pro se*, at his email and mailing address of record, and forward a copy of this Order to counsel of record.

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

September 10th, 2026
Alexandria, Virginia